## Mazur et al. v. Damilowicz

*Joseph H. Deppen*, for plaintiffs.
*Louis Cohen*, for defendant.

TROUTMAN, J., October 31, 1952.—This matter is before the court on defendant's preliminary objection in the nature of a demurrer to plaintiffs' amended complaint.

Upon the filing of plaintiffs' original complaint, defendant filed preliminary objections. The original preliminary objections, five in number, were in the nature of a motion for a more specific complaint and objections to the failure to comply with the Pennsylvania Rules of Civil Procedure in respect to the verification and the abstract of title. There was no original preliminary objection filed in the nature of a demurrer.

In an opinion filed by this court on March 24, 1952, the court dismissed all of defendant's preliminary objections except the fourth preliminary objection which pertained to a defective verification. Subsequently, plaintiffs filed an amended complaint being in all particulars the same as the original complaint with the exception of a corrected verification.

On April 25, 1952, defendant filed preliminary objections to the amended complaint. These preliminary objections are in the nature of a demurrer.

While it is permissible to file preliminary objections to an amended complaint, it is not permissible to file a preliminary objection to raise a point which could have been raised against the original complaint. Defendant's attack, by preliminary objection, against the amended complaint must be limited to matters which did not appear in the original complaint and which defendant could not have raised by preliminary objection thereto: Bradbury v. Larsen, 70 D. & C. 592.

The amended complaint states the same cause of action that was stated in the original complaint. The original preliminary objections did not raise the question of a demurrer. Rule 1028($b$) of the Pennsylvania Rules of Civil Procedure specifically provides that all preliminary objections shall be raised at one time. They may be inconsistent. Two or more preliminary objections may be raised in one pleading. It is the purpose of rules 1017($b$) and 1028 to require a party to raise all his preliminary objections at one time. Inherent in the entire scheme of the preliminary objections is the sanction against a series of preliminary dilatory steps: Brink v. James Arthur Ashe Post, V. F. W., 75 D. & C. 496.

In Goodrich-Amram Civil Practice, page 59, the comment on rule 1017($b$) is as follows:

"The concept of a single dilatory stage for the defendant is strictly adhered to. For example, if the de-

fendant, after the plaintiff's complaint has been filed, raises a jurisdictional objection, but takes no action with respect to the plaintiff's complaint, he is totally barred from making any preliminary objection to the pleading. He cannot move to strike it off for error of form, nor can he move for a more specific pleading. These rights he has lost forever, by not joining these objections with his jurisdictional motion.

"He also loses the right to demur to the complaint. This does not mean that he concedes, for the entire action, that the plaintiff has pleaded a cause of action. The legal sufficiency of the plaintiff's case remains an open issue. Defendant may raise it in his answer; he may raise it by a preliminary objection to a later pleading, if one is available; he may raise it by a motion for judgment on the pleadings, after the pleadings are closed; he may raise it at the trial by a motion for non-suit or directed verdict, or by a motion for judgment n. o. v. All these methods are available to him, but he has lost irrevocably the right to raise this question in a preliminary objection before he files his answer. So far as the substance is concerned, the defendant has lost nothing; so far as the pleading stage of the action is concerned, he has waived the right to make a particular kind of objection at a particular time.

"Following the same principle, and in accordance with prior practice, the defendant can not attack the plaintiff's complaint in small bites. He can not point out a particular defect by preliminary objection; have the court pass on it; compel the plaintiff to amend; and then attack the amended complaint by pointing out another particular defect which was in the original complaint. This would make a travesty of the rule limiting the defendant to one dilatory stage. When an amended pleading is filed, defendant has the right of preliminary objection, but it is limited solely to mat-

ters which are new in the amended pleading and did not present themselves in the original complaint."

Defendant, in his argument, takes the position that the amended complaint was a later pleading and that a demurrer to the amended complaint is proper, citing Dudurich v. Irwin, 63 D. & C. 696, and Hare, admr., v. Denny et al., 64 D. & C. 1, in support thereof. In Dudurich v. Irwin, supra, defendant filed preliminary objections in the nature of a motion for a more specific complaint and also a demurrer and the court sustaining the objection in the nature of a motion for a more specific complaint declined to pass on the one in the nature of a demurrer until it was ascertained if an amended complaint was filed and that it the amended complaint was not sufficient the demurrer could be reinstated. The circumstances of that case are not analogous to the present one inasmuch as defendant did raise all of his preliminary objections at the same time.

In the case of Hare v. Denny, supra, the court permitted defendant to withdraw an answer and to file a demurrer instead. As far as that case is concerned, the court's action in permitting the withdrawal of an answer is questionable and, in our opinion, is not a proper interpretation of the rules.

Since plaintiffs' amended complaint introduced no new averments, defendant cannot be permitted to preliminarily object in the nature of a demurrer but should have raised such objection, in the first instance, in respect to the original complaint. Being a violation of the procedural rules to permit the serial raising of preliminary objections, defendant's objections must be dismissed.

### Order

And now, to wit, October 31, 1952, defendant's preliminary objections are hereby dismissed and leave is

granted defendant to file an answer to plaintiffs' amended complaint within a period of 20 days from the date hereof.